******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## GLEN S. *v.* COMMISSIONER OF CORRECTION*
### (AC 45655)

Suarez, Seeley and Norcott, Js.

*Syllabus*

The petitioner, who had been convicted, on a guilty plea entered pursuant to *North Carolina* v. *Alford* (400 U.S. 25), of sexual assault in a cohabiting relationship, sought a writ of habeas corpus, claiming that his trial counsel had provided ineffective assistance by allowing him to enter a guilty plea while he was under the influence of prescription drugs that affected his ability to give a knowing and meaningful plea. At trial, when the petitioner's counsel attempted to call his first witness, R, to testify as to the petitioner's character for truthfulness, counsel for the respondent, the Commissioner of Correction, objected on the grounds of relevance. The court sustained the respondent's relevancy objection. The petitioner's habeas counsel never sought to recall R as a witness after the petitioner testified. The court rendered judgment denying the petition for habeas corpus and, thereafter, denied the petition for certification to appeal, and the petitioner appealed to this court. *Held* that the habeas court did not abuse its discretion in denying the petition for certification to appeal, the petitioner having failed to show that there was an issue that was debatable among jurists of reason, that a court could have resolved the issue in a different manner or that the question was adequate to deserve encouragement to proceed further: the habeas court properly determined that R's testimony, when R had no connection with the plea hearing, was not relevant to the petitioner's claim of ineffective assistance of counsel; moreover, at the time the petitioner's counsel called R to testify, the petitioner had not himself testified and, thus, his veracity had not been challenged or impeached and extrinsic evidence of his character for truthfulness was immaterial.

Argued October 5, 2023—officially released January 2, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *M. Murphy, J.*; judgment denying the petition; thereafter, the court, *M. Murphy, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Vishal K. Garg*, assigned counsel, for the appellant (petitioner).

*Melissa E. Patterson*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Donna Marie Fusco*, assistant state's attorney, for the appellee (respondent).

*Opinion*

SUAREZ, J. The petitioner, Glen S., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus because the court erred in precluding evidence of his character for truthfulness.[1] We dismiss the appeal.

The following procedural history is relevant to this appeal. The petitioner was charged with one count of sexual assault in a cohabitating relationship in violation of General Statutes (Rev. to 2007) § 53a-70b (b)[2] and one count of assault in the third degree in violation of General Statutes § 53a-61. The charges resulted from a complaint by the petitioner's girlfriend, who alleged that the petitioner wanted her to ingest an antipsychotic medication known as Seroquel, and, when she refused, he struck her numerous times with his fist, ordered her to bathe while he watched, and forced her to engage in penile-vaginal intercourse. Attorney TaShun Lake represented the petitioner at all relevant times in the underlying proceedings.

On August 13, 2008, the petitioner pleaded guilty, under the *Alford* doctrine,[3] to one count of sexual assault in a cohabitating relationship in violation of General Statutes (Rev. to 2007) § 53a-70b (b). The court, *Fasano, J.*, canvassed the petitioner when he entered his plea and accepted the plea after finding that it was made knowingly and voluntarily. On that same day, the petitioner was sentenced by the court pursuant to an agreed upon recommendation to serve a total effective sentence of fifteen years of incarceration, suspended after five years, followed by fifteen years of probation.

On June 26, 2017, the petitioner initiated the present habeas petition. On December 28, 2021, the petitioner's habeas counsel filed an amended petition on the petitioner's behalf. In the December 28, 2021 amended petition, the petitioner claimed that his trial counsel was ineffective for allowing him to plead guilty while under the influence of prescription drugs that affected his ability to give a knowing and meaningful plea. The petitioner further alleged that, but for trial counsel's ineffective assistance, he would have gone to trial and been acquitted of all charges. On January 3, 2022, the respondent, the Commissioner of Correction, filed a return, leaving the petitioner to his proof and asserting procedural default as a special defense.

On January 19, 2022, a trial was held before the court, *M. Murphy, J.*, at which the petitioner attempted to call his first witness, Sam Romowi,[4] to testify regarding his character for truthfulness. The respondent objected to Romowi's testimony on the grounds of relevance.

After hearing arguments by counsel, the court sustained the respondent's relevancy objection. Thereafter, only the petitioner testified at the trial. The evidence before the court consisted only of the petitioner's testimony and the transcript of the August 13, 2008 plea hearing. Following the trial, both parties submitted posttrial briefs.

On May 18, 2022, in a memorandum of decision, the court denied the petitioner's petition for a writ of habeas corpus. The court concluded that "the petitioner failed to demonstrate deficient performance by showing that trial counsel's representation fell below an objective standard of reasonableness." The court found that "[t]he evidence presented failed to prove that the prescribed medication the petitioner received affected his ability to give a knowing and meaningful plea and that counsel was therefore ineffective in allowing the petitioner to plead guilty. Furthermore, even if counsel's performance was deficient, this court does not find the petitioner's testimony that he would have otherwise pleaded not guilty and insisted on going to trial to be credible." The habeas court further found that "the trial court thoroughly canvassed the petitioner when he entered his plea. When the court asked the petitioner if he was presently under the influence of any substance, the petitioner responded that he was on medication but that it would not interfere with his plea, and that he understood the proceedings and knew what he was doing despite taking the medication. . . . The petitioner then informed the court that the charges he faced carried a maximum sentence of twenty years and indicated the corrections he wished to be made to the state's recitation of facts. The petitioner also provided specific details about another case, informing the court that he also had to plead guilty to a violation of probation . . . ."

Thereafter, the petitioner filed a petition for certification to appeal, which the court denied. In the petition for certification to appeal, the petitioner set forth the grounds for his appeal, including the issue of whether the court erred by precluding his character witness from testifying.[5] This appeal followed. Additional procedural history will be provided as necessary.

I

We first address the petitioner's claim that the habeas court abused its discretion in denying his petition for certification to appeal. We conclude that the habeas court's ruling did not constitute an abuse of its discretion.

The following legal principles are relevant to our resolution of the petitioner's claim. "General Statutes § 52-470 (g) provides: No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a

crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . A petitioner may establish an abuse of discretion by demonstrating that the issues are debatable among jurists of reason . . . [the] court could resolve the issues [in a different manner] . . . or . . . the questions are adequate to deserve encouragement to proceed further. . . . The required determination may be made on the basis of the record before the habeas court and applicable legal principles. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . .

"In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying [claim] to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous. In other words, we review the petitioner's substantive [claim] for the purpose of ascertaining whether [that claim satisfies] one or more of the three criteria . . . adopted by [our Supreme Court] for determining the propriety of the habeas court's denial of the petition for certification." (Citations omitted; internal quotation marks omitted.) *Ayuso* v. *Commissioner of Correction*, 215 Conn. App. 322, 331–32, 282 A.3d 983, cert. denied, 345 Conn. 967, 285 A.3d 736 (2022).

For the reasons set forth in part II of this opinion, we conclude, on the basis of our review of the record and applicable legal principles, that the petitioner has failed to demonstrate that the claim of error related to the habeas court's denial of his petition for a writ of habeas corpus involves an issue that is debatable among jurists of reason, that a court could resolve the issue in a different manner, or that the question is adequate to deserve encouragement to proceed further. Accordingly, we dismiss the appeal.

II

On appeal, the petitioner claims that the habeas court improperly precluded evidence of his character for truthfulness. Specifically, he claims that the court abused its discretion by excluding Romowi's testimony on relevancy grounds because that testimony was relevant to a central issue in the petitioner's ineffective

assistance of counsel claim. The petitioner argues that his credibility was relevant because it pertains to the prejudice prong under *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[6] The petitioner avers that the court's assessment of the prejudice prong of *Strickland* involves a credibility determination regarding his assertion that he would have insisted on going to trial but for his trial counsel's deficient performance in connection with his plea. We are not persuaded.

The following additional procedural history is relevant to the present claim. At the outset of the habeas trial and before the petitioner was called to testify, the petitioner's attorney sought to present testimony from Romowi about the petitioner's alleged character for truthfulness and honesty. The following colloquy between the court, the petitioner's counsel, and the respondent's counsel took place:

"[The Petitioner's Counsel]: Petitioner calls Mr. Sam Romowi . . . .

"[The Respondent's Counsel]: Your Honor . . . I would ask for [an] offer of proof on this witness. We're here on [an] ineffective assistance of counsel claim. I'm unclear as to what Mr. Romowi would be testifying to or what his relevance would be to this [claim] . . . .

"[The Petitioner's Counsel]: Mr. Romowi is a . . . friend of [the petitioner]. He's going to testify solely as a character witness as to my client. A lot of this comes down to my client's credibility versus [the] credibility of his attorney. It's . . . how the judge perceives him as to be truthful and honest, I think it would be relevant to that because Mr. Romowi is a character witness, and so I think it is relevant to this case. . . .

"[The Respondent's Counsel]: Again, Your Honor, we're here on an ineffective assistance of counsel claim. I'm unsure of what relevance this would have. Unless Mr. Romowi is going to testify to being present at the [plea] hearing . . . on the August [13] date, I see no real relevance . . . as to having this other character witness. Again, this is . . . an ineffective assistance [of counsel] claiming at the time of the plea, [the petitioner] was under the influence of prescription medication. This has nothing to do with his character or anything of the sort, so, I'm not sure what relevance this witness could have. Nor do I see it adding anything to the trier of fact.

"The Court: So, [Counsel], was Mr. Romowi . . . at the hearing on August 13?

"[The Petitioner's Counsel]: No. I do not believe he was, Your Honor. . . . [H]e's a friend of the petitioner. He's known him for a while and they still remain in contact, and he would be testifying solely as to the [petitioner's] character. It wouldn't be a long witness but, again, I think honesty is a character issue that he

would be testifying about because truly it is really the truthfulness, and the honesty of my client versus the honesty . . . of his attorney.

"The Court: All right. So, I'm going to sustain the objection. I don't see his relevance. You're not telling me that he knows the attorney or was at the [plea] hearing. So, I'm going to sustain the objection with regard to the testimony of Mr. Romowi. So, I don't think we need to hear from him."

We begin by setting forth the following relevant legal principles. "We review the [habeas] court's decision to admit [or exclude] evidence, if premised on a correct view of the law . . . for an abuse of discretion. . . . We will make every reasonable presumption in favor of upholding the [habeas] court's ruling, and only upset it for a manifest abuse of discretion. . . . The [habeas] court has wide discretion to determine the relevancy [and admissibility] of evidence . . . . In order to establish reversible error on an evidentiary impropriety . . . the [petitioner] must prove both an abuse of discretion and a harm that resulted from such abuse. . . .

"Relevant evidence means evidence having any tendency to make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence. Conn. Code Evid. § 4-1. As it is used in our code, relevance encompasses two distinct concepts, namely, probative value and materiality. . . . Conceptually relevance addresses whether the evidence makes the existence of a fact material to the determination of the proceeding more probable or less probable than it would be without the evidence. . . . In contrast, materiality turns upon what is at issue in the case, which generally will be determined by the pleadings and the applicable substantive law. . . . If evidence is relevant and material, then it may be admissible." (Citation omitted; internal quotation marks omitted.) *Ayuso* v. *Commissioner of Correction*, supra, 215 Conn. App. 381–82.

"Relevance does not exist in a vacuum. . . . To determine whether a fact is material . . . it is necessary to examine the issues in the case, as defined by the underlying substantive law, the pleadings, applicable pretrial orders, and events that develop during the trial. Thus, relevance of an offer of evidence must be assessed against the elements of the cause of action, crime, or defenses at issue in the trial. The connection to an element need not be direct, so long as it exists. *Once a witness has testified to certain facts, for example, his credibility is a fact that is of consequence to* [*or material to*] *the determination of the action, and evidence relating to his credibility is therefore relevant—* but only if the facts to which *the witness has already testified* are themselves relevant to . . . [a] cause of action, or [a] defense in the case." (Emphasis altered; internal quotation marks omitted.) *Ulanoff* v. *Becker*

*Salon, LLC*, 208 Conn. App. 1, 13, 262 A.3d 863 (2021).

As stated by this court in *Ulanoff*, a witness' credibility becomes relevant only after they have testified to facts that are connected to an element of the cause of action, the crime, or a defense. In the present case, the record reflects that the petitioner called Romowi to testify at the outset of the trial before the petitioner had taken the stand and testified to any fact whatsoever. The petitioner's veracity had not yet been challenged, and, therefore, any extrinsic evidence of his character for truthfulness was immaterial at the time he attempted to call Romowi. Although the petitioner subsequently testified, habeas counsel never sought to recall Romowi as a witness.[7]

The petitioner's credibility was not materially relevant to his ineffective assistance of counsel claim at the time that he attempted to present Romowi's testimony. Accordingly, the petitioner is unable to demonstrate that the court abused its discretion in precluding Romowi from testifying with respect to the petitioner's character for truthfulness.

The appeal is dismissed.

In this opinion the other judges concurred.

\* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] In his appellate brief before this court, the petitioner also argues that, at the time he attempted to present testimony from his character witness, his character for truthfulness had been impeached in that the record before the court reflected that he had a prior felony conviction. The petitioner also makes other arguments in support of the admissibility of his character witness. Specifically, he claims that an exception to § 6-6 (a) of the Connecticut Code of Evidence for when a witness is a "stranger" applies. Moreover, the petitioner invites us to abandon the "impeachment first" rule of evidence as outlined in § 6-6 (a) of the Connecticut Code of Evidence. These arguments were not raised before the habeas court and, therefore, because they were not part of the petitioner's theory of admissibility at trial, they cannot be considered on appeal. "The theory of admissibility is germane to our consideration of whether the court properly exercised its discretion to exclude the proffered testimony on the basis of a correct view of the law. An appellant who challenges on appeal a trial court's exclusion of evidence is limited to the theory of admissibility that was raised before and ruled upon by the trial court. A court cannot be said to have refused improperly to admit evidence during a trial if the specific grounds for admission on which the proponent relies never were presented to the court when the evidence was offered. . . . Error does not lie in the exclusion of evidence claimed on an inadmissible ground even though it might have been admissible had it been claimed on another and different ground [at trial]." (Internal quotation marks omitted.) *State* v. *Fernando V.*, 170 Conn. App. 44, 62, 153 A.3d 701 (2016), aff'd, 331 Conn. 201, 202 A.3d 350 (2019). Thus, we decline to review the petitioner's additional admissibility arguments because they are unpreserved.

[2] On July 9, 2019, § 53a-70b was repealed by Public Acts 2019, No. 19-189, § 44, effective October 1, 2019.

[3] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but consents to being punished *as if he were guilty* to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless. . . . The entry of a guilty plea under the *Alford* doctrine carries the same consequences as a standard plea of guilty." (Citation omitted; emphasis in original; footnote omitted; internal

quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 204–205, 842 A.2d 567 (2004).

[4] The habeas trial transcript contains multiple spelling variations of Romowi's last name. In this opinion we will use the spelling "Romowi" when referring to the petitioner's proposed character witness.

[5] In his petition for certification to appeal, the petitioner set forth the following grounds for his appeal: "(1) Whether the petitioner has a legal right to call character witnesses on his own behalf? (2) Whether the petitioner has a legal right to call a character witness to testify as to whether the petitioner was honest, credible, and trustworthy, when the petitioner's honesty and credibility are [issues] in the case? (3) Whether the habeas court erred when it failed to allow a character witness [to] testify as to the character of the petitioner? (4) Whether the habeas court erred when it failed to allow a character witness to testify as to whether the petitioner was honest and trustworthy, when the truthfulness of the petitioner was an issue in the case? (5) Whether the habeas court erred when it failed to credit the petitioner's testimony as to how the medication affected his ability to understand his plea agreement? (6) Whether the habeas court erred when it credited the testimony of Attorney Lake when Attorney Lake did not testify in this trial? (7) Whether the habeas court wrongfully found the petitioner's testimony not credible?" And "(8) [a]ny other issues found on appeal . . . ." On appeal, the petitioner is claiming only that the court erred in precluding his character witness from testifying.

[6] "[I]n order to satisfy the prejudice requirement [under *Strickland* when the conviction resulted from a guilty plea], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . It is clear enough that a defendant must make more than a bare allegation that he would have pleaded differently and gone to trial . . . but it is not clear how much more is required of him." (Citation omitted; internal quotation marks omitted.) *Carraway* v. *Commissioner of Correction*, 144 Conn. App. 461, 472–73, 72 A.3d 426 (2013), appeal dismissed, 317 Conn. 594, 119 A.3d 1153 (2015).

[7] We note that, even if the petitioner had testified to material facts in connection with his claim of ineffective assistance of counsel before calling his character witness, extrinsic evidence of his character for truthfulness would have been admissible only if he had been impeached. Section 6-6 (a) of the Connecticut Code of Evidence provides: "The credibility of a witness may be impeached or supported by evidence of character for truthfulness or untruthfulness in the form of opinion or reputation. Evidence of truthful character is admissible only after the character of the witness for truthfulness has been impeached." Moreover, this court has previously stated that, "[w]here a witness has not been impeached, it is not in general permissible to support his testimony by other evidence, corroborative in its nature, which bears on the credibility of the witness rather than on the issues in the cause . . . ." (Internal quotation marks omitted.) *State* v. *Suckley*, 26 Conn. App. 65, 72, 597 A.2d 1285, cert. denied, 221 Conn. 901, 600 A.2d 1028 (1991). See E. Prescott, Tait's Handbook of Connecticut Evidence (6th Ed. 2019) § 6.23.2 (a), p. 370 ("[e]vidence accrediting or supporting a witness's honesty or integrity is not admissible until after the witness's credibility has first been attacked").